FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 OCT -7  P 3: 31

CLERK _J. LaVictoire_
S.D. DIST. OF GA.

# United States District Court
# for the Southern District of Georgia
# Brunswick Division

NESCO, INC., f/k/a                        :          CIVIL ACTION
NATIONAL ENVIRONMENTAL
SERVICE CO., INC., acting                 :
by and through its
successors, NESCO                         :
LIQUIDATING TRUST and
LINC ACQUISITION ONE, LLC,                :

    Plaintiff,                            :

        v.                               :

FAIRLEY CISCO, ALETHA                     :
CISCO MOORE, BRITT CLINTON
MOORE, CISCO TRAVEL PLAZA,                :
INC., CISCO EXPRESS, INC.,
and GOWEN OIL CO., INC.,                  :

    Defendants.                           :          NO. CV205-142

## O R D E R

    Plaintiff, Nesco, Inc., f/k/a National Environmental

Service Co., Inc., acting by and through its successors, Nesco

Liquidating Trust and Linc Acquisition One, LLC, (collectively,

"Nesco"), filed the above-styled diversity action against

Defendants, Fairley Cisco, Aletha Cisco Moore, Britt Clinton

Moore, Cisco Travel Plaza, Inc., and Cisco Express, Inc.,

AO 72A
(Rev. 8/82)

(collectively, the "Cisco Defendants"), asserting numerous state law claims relating to an alleged breach of contract. Plaintiff further alleges a claim under Georgia's Uniform Fraudulent Transfers Act, O.C.G.A. § 18-2-70, et seq., against the Cisco Defendants and Gowen Oil Co., Inc. ("Gowen"). Presently before the Court is Gowen's motion to dismiss Count VI of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim against Gowen. On September 30, 2005, the Court heard oral arguments from Nesco and Gowen. For the following reasons, Defendant's motion will be **DENIED**.

## FACTS

In June of 2000, Nesco entered into an agreement with the Cisco Defendants for demolition of a building on land owned by the Cisco Defendants and construction of a convenience store and gas station. Plaintiff contends that the work was completed and the Cisco Defendants accepted the facility in late summer or early fall of 2001, but have refused to pay Plaintiff as agreed.

Plaintiff initially filed an action in State Court on January 9, 2003. While the State Court action was pending,

AO 72A
(Rev. 8/82)

Plaintiff alleges that the Cisco Defendants granted a lien on the facility and premises to Gowen.   Plaintiff contends the transfer was in violation of Georgia's Uniform Fraudulent Transfers Act ("UFTA"), O.C.G.A. § 18-2-70, et seq.   It is this transfer that is the subject of the motion to dismiss presently before the Court.

## DISCUSSION

Gowen moves to dismiss Count VI of Nesco's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).   Gowen is entitled to dismissal of the claim if "the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." Davita, Inc. v. Nephrology Assocs., P.C., 253 F. Supp. 2d 1370, 1374 (S.D. Ga. March 25, 2003).   "In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998) (internal quotation marks omitted).   Furthermore, the Court should consider only the facts as alleged in the parties' pleadings. Matters outside the pleadings may be considered only if the

3

AO 72A
(Rev. 8/82)

motion is converted to one for summary judgment.  Fed. R. Civ. P. 12(b)(6), (c).

Gowen contends that Count VI of the complaint, wherein Plaintiff seeks to avoid the subject transfer to the extent necessary to satisfy its claim, fails to state a cause of action because it fails to plead fraud with the particularity required under Federal Rule of Civil Procedure 9(b).  In response, Plaintiff argues that Rule 9(b) is inapplicable to its UFTA claim.  In its Reply, Gowen further argues that Count VI is insufficient under the notice pleading standard of Federal Rule of Civil Procedure 8(c).  Gowen argues that Count VI merely tracks the statutory language for both constructive and actual fraud under UFTA, thus making it unclear what claim is being asserted.

Rule 9(b) of the Federal Rules of Civil Procedure provides that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b).  This Rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against

AO 72A
(Rev. 8/82)

spurious charges of immoral and fraudulent behavior.'" <u>Brooks v. Blue Cross & Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1371 (11th Cir. 1997) (citations omitted); <u>Durham v. Bus. Management Assocs.</u>, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting <u>Seville Indus. Mach. Corp. v. Southmost Mach. Corp.</u>, 742 F.2d 786, 791 (3d Cir. 1984), <u>cert. denied</u>, 469 U.S. 1211, 105 S. Ct. 1179, 84 L.Ed.2d 327 (1985)).

The applicability of Rule 9(b) to UFTA claims is an issue of first impression in this Circuit. Sister circuits, which have addressed this issue, are split on whether to apply Rule 9(b) to claims under UFTA. <u>See</u> <u>Gen Elec. Capital Corp. V. Lease Resolution Corp.</u>, 128 F.3d 1074 (7th Cir. 1997) (Applying Rule 9(b) to constructive fraudulent transfer claim); <u>Kruse v. Aamed, Inc.</u>, 1997 WL 102528 (N.D. Ill. 1997) (Dismissing claim under Illinois' Fraudulent transfer Act for failure to comply with Rule 9(b)); <u>In re White Metal Rolling & Stamping Corp.</u>, 222 B.R. 417 (S.D. N.Y. 1998) (Distinguishing between intentional and constructive fraudulent transfer and finding that Rule 9(b) does not apply in constructive fraudulent transfer claims); <u>China Resource Prods. (U.S.A.) Ltd. v. Fayda Intern., Inc.</u>, 788 F. Supp. 815, 818-19 (D. Del. 1992) (Finding Rule 9(b) does not apply to pleadings made pursuant to those

AO 72A
(Rev. 8/82)

sections of Delaware's Fraudulent Conveyance Act under which plaintiff need not prove actual or constructive fraud). Gowen argues that the rationale for requiring particularity in pleading for common law fraud is equally compelling in favor of requiring particularity in statutory actions brought pursuant to Georgia's UFTA.

A statutory action of fraudulent transfer is distinguishable from a common law fraud claim. Georgia's UFTA provides, in relevant part:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
> (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> (B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

AO 72A
(Rev. 8/82)

O.C.G.A. § 18-2-74.   A claim for fraud at common law, in contrast, requires a plaintiff to demonstrate: (1) false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by the plaintiff, and (5) damage to the plaintiff.   Henry v. Blankenship, --- S.E.2d ----, 2005 WL 2374720 (Ga. App. Sept. 28, 2005); Dasher v. Davis, --- S.E.2d ----, 2005 WL 1792350 (Ga. App. July 28, 2005); Pyle v. City of Cedartown, 240 Ga. App. 445, 447, 524 S.E.2d 7, 9 (1999).

Upon comparison, it is readily apparent that common law fraud and the statutory action of fraudulent transfer bear very little relation to each other.   In particular, the element of false representation, which must be present in a common law fraud, is not found in the statute.   Under O.C.G.A. § 18-2-74, the plaintiff need only demonstrate standing as a creditor and a transfer to hinder, delay, or defraud collection by the creditor.   Neither the intent of the debtor nor the knowledge of the transferee is required to be proven in order to establish a fraudulent conveyance under Georgia's UFTA.   As a result, the considerations that lead to the pleading requirements under Rule 9(b) in cases of common law fraud are not present in an action for fraudulent conveyance.   Thus, the

7

AO 72A
(Rev. 8/82)

Court concludes that the requirements of Rule 9(b) need not be met in an action for fraudulent conveyance.   Even were the Court to find Rule 9(b) was applicable to UFTA claims, however, the Court concludes that Count VI is well within the pleading requirements set therein.   In pleading fraud with sufficient particularity, the plaintiff must provide "specifically when, where, by whom, or specifically what the representation was . . . ".   <u>Leonard v. Stuart-James Co.</u>, 742 F. Supp. 653, 659 (N.D. Ga. 1990).

In the instant case, Plaintiff has set out its standing as a creditor of the Cisco Defendants and the nature of its claims against said Defendants.   Furthermore, Plaintiff has sufficiently set out the circumstances of the subject transfer by directing Defendants to the deed book and page number in the Camden County records where the lien is recorded.   Finally, Plaintiff has alleged the specific statutory "badges of fraud"[1]

---

[1]

Georgia's UFTA provides specific "badges of fraud" that can be used to establish intent:

(b)   In determining actual intent under paragraph (1) of subsection (a) of this Code section, consideration may be given, among other factors, to whether: . . .

(4)   Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5)   The transfer was of substantially all the debtor's assets; . . .

(continued...)

which are applicable to establish intent in this claim: (i) the subject transfer occurred while the State Court action was pending; (ii) the transfer rendered the Cisco Defendants insolvent; (iii) the Cisco Defendants retained control over and the benefit of the facility; and (iv) the Cisco Defendants did not receive reasonably equivalent value in exchange for the transfer.     Thus, the Court concludes that Count VI of Plaintiff's complaint alerted Gowen "to the 'precise misconduct with which [Defendants] are charged' and protect[ed] defendants 'against spurious charges of immoral and fraudulent behavior.'" See Brooks, 116 F.3d at 1371 (citations omitted).

Notwithstanding the foregoing, the Court does express its concern that the claim set forth in Count VI fails to distinguish between actual and constructive fraudulent transfer. While the Plaintiff alleged in both its response and during oral argument that it is asserting claims for both actual and constructive fraudulent transfer, it has asserted only one count under Georgia's UFTA. Therefore, the Court will

---

(...continued)

    (9)    The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

   (10)   The transfer occurred shortly before or shortly after a substantial debt was incurred; . . .

O.C.G.A. § 18-2-74(b).

permit Nesco to amend its complaint to clarify the causes of action being pled in Count VI of its complaint.

## CONCLUSION

The Court has considered the position of all parties as provided in their briefs and during oral argument. For the reasons set forth above, Gowen's motion to dismiss Count VI of the complaint (Doc. No. 11) is **DENIED**.

**SO ORDERED**, this _____ day of October, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

10

AO 72A
(Rev. 8/82)